## FREE v. TIDWELL.

Court of Civil Appeals of Texas. Eastland.
May 17, 1935.

Barker & Cornelius, of Sweetwater, for appellant.

Ellis K. Douthit, of Sweetwater, for appellee.

FUNDERBURK, Justice.

By this suit H. A. Free, as plaintiff below, sought to hold T. J. Tidwell, the owner, operator, and manager of the T. J. Tidwell Shows, as defendant, liable for damages for

an assault made by one "Rough House" or Jack Brady, upon the plaintiff while on the show grounds at the carnival in Sweetwater, and by which assault the alleged employee bit off plaintiff's ear. Upon a nonjury trial the court gave judgment for the defendant Tidwell, from which the plaintiff has appealed.

The trial judge upon request filed findings of fact and conclusions of law, which constitute the basis of the assignments of error. Seven assignments of error are presented, but, in so far as they can affect the disposition of the case in this court, they present, in effect, but the single contention that the judgment should have been for the plaintiff. The asserted liability of Tidwell was predicated upon the alleged facts that one Peck Goodwin was an employee of Tidwell, that "Rough House" or Jack Brady was employed by said Goodwin, who was authorized as a part of the duties of his employment with Tidwell to so employ him, thereby making said Brady an employee of Tidwell, and that the assault was committed in the course of the employment of said Brady, while, under the direction of Goodwin, he was seeking to "put off" the premises certain boys who had been getting into the carnival tent without tickets.

The trial court found that although Goodwin told Brady to run plaintiff off the carnival grounds that said Goodwin was not an employee of Tidwell, that said Brady was not an employee of Tidwell, and was not acting under the directions of Tidwell, or for him, at the time he assaulted and injured the plaintiff. The findings of the trial judge to which it seems to be insisted that conclusive effect should be given, notwithstanding the findings just mentioned, were that T. J. Tidwell was the owner and manager of the Tidwell Carnival or Tidwell Shows; that the public was generally invited to attend said carnival; that among the attractions was the athletic show or wrestling and boxing show which put on, for the entertainment of the public, wrestling and boxing matches, to which an admission fee was paid. Another finding, proper to be noticed, was that the athletic or wrestling and boxing show was owned by Peck Goodwin, who was operating same for himself, and that he regulated the admission charges and had full control in hiring and discharging such persons as were employed by him to operate said wrestling and boxing show.

We shall assume, without deciding, that there was evidence sufficient to raise the necessary issues of fact, which, had all been found in favor of plaintiff, would have entitled him to judgment. The only questions necessary for us to determine are whether the undisputed evidence showed conclusively, as a matter of law, that Brady, who made the assault upon plaintiff, was an employee of Tidwell, and made the assault while in the discharge of the duties of his employment. There was no basis in either the pleadings or the evidence to support the claim that Brady was such employee, except upon the theory that Goodwin was himself an employee, having the authority as a part of the duties of his employment to employ persons, of whom Brady was one, to perform services in connection with the athletic show, and who, when so employed, would be employees of Tidwell. Tidwell was a witness. He testified that he was the owner and manager of the T. J. Tidwell Shows which was showing at Sweetwater on the occasion when the assault was committed; that Peck Goodwin was operating a wrestling exhibition for himself as a part of the show; that Goodwin was working for himself; had been connected with the show, off and on, about two or three years. He testified to no fact, or facts, which conclusively show that, notwithstanding all of his other testimony, Goodwin was an employee for whose acts he would be responsible. There was no other testimony to such effect. The testimony was exceedingly meager which would shed any light upon the exact relation of Goodwin, as owner of the wrestling show, to Tidwell, who was the admitted and advertised manager of the Tidwell Shows. There was no evidence, we think, which compels the conclusion that such relation was necessarily that of employer and employee, or master and servant, and as against the conclusion of fact of the trial judge it would be necessary for that to appear.

We accordingly conclude that no error is shown in the judgment of the court below, that same should be affirmed, and it is accordingly so ordered.